IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID SCOTT GAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:17cv577-MHT |
| | ) | [WO] |
| FEDERAL DEFENDER, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

The plaintiff, David Scott Gafford ("Gafford"), has filed a *pro se Bivens*-type complaint[1] naming as defendants the Office of the Federal Defender for the Middle District of Alabama ("Federal Defender") and Cecilia Vaca ("Vaca"), an Assistant Federal Defender with the same office appointed to represent Gafford in criminal proceedings in this court. Doc. 1. *See United States v. Gafford*, Case No. 2:17cr14-MHT. Gafford alleges that Vaca, when acting as his counsel, "broke the confidentiality policy" by telling her supervisor that Gafford intended to make a proffer to the federal prosecutor against another defendant represented by the Federal Defender, apparently in a separate case. Doc. 1 at 2. According to Gafford, information about his intention to proffer was relayed to the other

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A "*Bivens* action" is a suit for damages against a federal actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights. *Bivens*, 403 U.S. at 397; *see Butz v. Economou*, 438 U.S. 478, 498–99 (1978). The standards of liability in *Bivens* actions are similar to the standards under 42 U.S.C. § 1983. *Butz*, 438 U.S. at 500; *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993).

defendant, who at the time was housed in the same jail as Gafford, by an investigator working for the Federal Defender. Doc. 1 at 2–3. Gafford maintains that the other defendant then attacked him with a knife, angry that Gafford intended to proffer against him.[2] Doc. 1 at 3. Gafford seeks $25,000 in damages based on the alleged breach of confidentiality by Vaca and the Federal Defender, which he says resulted in the physical attack against him. Doc. 1 at 4.

Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen prisoner complaints and to dismiss a complaint or any portion of a complaint that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[3] *See* 28 U.S.C. § 1915A(a) & (b); 28 U.S.C. § 1915(e)(2)(B). The court must therefore examine Gafford's complaint to determine whether it states a cognizable claim for relief.

## II. DISCUSSION

Gafford contends that the Federal Defender and Vaca breached a confidentiality policy when acting as his counsel in a federal criminal case, resulting in a physical attack on him. Gafford's complaint against the Federal Defender and Vaca fails to state a cognizable claim for relief under *Bivens*.

---

[2] On May 24, 2017, shortly after the alleged incident, the Federal Defender and Vaca were allowed to withdraw as counsel for Gafford in his criminal case. *See United States v. Gafford*, Case No. 2:17cr14-MHT, Doc. 28.
[3] An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

A *Bivens* action is analogous to an action brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20, n.30 (1982); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241–42 (11th Cir. 2000); *Campbell v. Civil Air Patrol*, 131 F. Supp. 2d 1303, 1310, n.8 (M.D. Ala. 2001) (noting that "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*). In order to state a cause of action under § 1983 or, by analogy, the *Bivens* doctrine, a plaintiff must allege that: (1) the defendant deprived him or her of a federal right, and (2) did so under color of state law or federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Bivens*, 430 U.S. at 392; *Campbell*, 131 F. Supp. 2d. at 1310.

It is well established that a *Bivens* action cannot be maintained against retained or appointed counsel, including assistant federal defenders, because they do not act under color of law. *Richards v. Flynn*, 263 F. App'x 496, 496 (7th Cir. 2008) (applying *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), which held that under § 1983 a public defender does not act under color of state law when acting as counsel to a defendant in a criminal proceeding, in the *Bivens* context); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) ("[A]n attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal defender, because a public defender does not act under color of federal law in acting as counsel to a defendant in a federal criminal proceeding); *McLeod v. Knowles*, 189 F. App'x 297, 297 (5th Cir. 2006) ("[A]n attorney appointed to represent an indigent defendant is not subject to suit under § 1983 or

3

*Bivens*."). *Bivens* "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation and quotation marks omitted). And "attorneys are not transformed into federal officials for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the government but is instead the government's adversary and cannot be subjected to liability under *Bivens* or 42 U.S.C. § 1983. *See Polk Cnty.*, 454 U.S. at 318–19 n.7 & 323 n.13.

Gafford has failed to demonstrate the required under-color-of-law element for a *Bivens* claim against the defendants named in his complaint. Neither the Federal Defender nor Vaca is a "federal official," and therefore neither is amenable to suit under the *Bivens* doctrine. Because Gafford's claims have no arguable basis in law or in fact and fail to present a cognizable claim upon which relief may be granted under *Bivens*, his complaint must be dismissed. *See, e.g., Cohen v. Hurson*, 623 F. App'x 620 (4th Cir. 2015) (affirming claim against federal public defender under *Bivens* was properly dismissed as frivolous); *Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) (same).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice as frivolous and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

It is further ORDERED that the parties shall file any objections to this Recommendation or before **September 21, 2017.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 7th day of September, 2017.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE